# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5148-18

IN RE THE MATTER OF
ALEX RODRIGUEZ.

_____

Submitted February 10, 2021 – Decided March 17, 2021

Before Judges Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment Number 94-09-1065.

Alex Rodriguez, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Alex Rodriguez, who is pro se, appeals from a July 11, 2019 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

## I.

In 1994, defendant was indicted in a two-count complaint for second-degree sexual assault, N.J.S.A. 2C:14-2(c), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4, for sexually assaulting his eleven-year-old niece. The child recanted her statement and moved to Florida. Anticipating the victim would be uncooperative, the prosecutor offered a three-year term of imprisonment to defendant in exchange for his guilty plea. The State also agreed to dismiss count one.

On December 8, 1994, pursuant to the terms of the plea agreement, defendant pled guilty to count two, as amended to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Defendant testified at his plea allocution hearing that he touched the "butt" of his niece, "with the intent of stimulation." When questioned why he was pleading guilty, defendant responded, "because I am guilty."

On February 10, 1995, defendant was sentenced in accordance with the negotiated plea agreement to a three-year term of imprisonment. He was also ordered to comply with all registration requirements under Megan's Law, N.J.S.A. 2C:7-1 to -19, parole supervision for life, N.J.S.A. 2C:43-6.4, and was assessed mandatory fines and penalties.

Defendant did not file a direct appeal of his conviction or sentence. On October 16, 2015, more than twenty years after he was sentenced, defendant filed his first PCR petition, alleging ineffective assistance of sentencing counsel. In his initial petition, defendant claimed his counsel pressured him to plead guilty because "it would be three years before [he went] to trial" and he could "spend a very long time, maybe [twenty] years in jail" if found guilty.

Additionally, defendant contended he did not discover his ability to file for PCR until 2015. Defendant also insisted the agency formerly known as the Division of Youth and Family Services (DYFS)[1] had investigated the incident and determined he did not commit a sexual offense against his niece. And, for the first time, defendant claimed he suffered from a mental illness and had been taking medication at the time of his plea hearing that impaired his judgment. On October 25, 2016, a prior PCR court heard oral argument on defendant's petition and denied relief.[2]

---

[1] A reorganization of the Department of Children and Families under L. 2012, c. 16, effective June 29, 2012, changed the name of the Division of Youth and Family Services to the Division of Child Protection and Permanency.

[2] The transcript from defendant's first PCR hearing is not included in his appendix.

A-5148-18

On January 11, 2017, defendant appealed the PCR denial. State v. Alex Rodriguez, No. A-001833-16 (App. Div. Mar. 6, 2018). We summarily affirmed, concluding defendant's appeal was time-barred under Rule 3:22-12(a)(1) and his claim of ineffective assistance of counsel was nothing more than a bald assertion insufficient to sustain his claim.

On June 3, 2019, defendant filed his second PCR petition renewing his prior arguments adjudicated on appeal. The PCR court denied defendant's second PCR petition without conducting an evidentiary hearing. In a cogent two-page letter decision, the PCR court relied on Rule 3:22-4(b) and noted that defendant's petition was untimely under Rule 3:22-12(a)(2). The PCR court also determined that defendant failed to provide sufficient evidence to invoke one of the codified exceptions to the temporal limit provided under Rule 3:22-4(b)(2), and noted "the issues [defendant] raise[s] have been previously adjudicated in [his] first [PCR] motion and thereafter on appeal." A memorializing order was entered on July 11, 2019. This appeal followed.

On appeal, defendant raises the following "questions":[3]

> I. WHETHER A MANIFEST INJUSTICE OCCURS
> WHEN THERE IS NO FACTUAL BASIS FOR THE

---

[3] Defendant's letter brief did not contain point headings. See R. 2:6-2(b) (requiring a table of contents, including point headings).

CONVICTION AND THE ALLEGED VICTIM SAYS THE CRIME DID NOT OCCUR.

II. WHETHER THE DEFENDANT IS ENTITLED TO RETRACT HIS GUILTY PLEA BECAUSE HIS ATTORNEY NEGLECTED TO INFORM HIM THAT THERE WAS NO FACTUAL BASIS FOR THE CONVICTION AND THE ALLEGED VICTIM SAYS THE CRIME DID NOT OCCUR. THE ALLEGED VICTIM SAYS THE CRIME DID NOT OCCUR.

III. WHETHER THE DEFENDANT'S ATTORNEY RENDERED INEFFECTIVE ASSISTANCE WHEN COUNSEL PERMITTED HIS CLIENT TO PLEA GUILTY WITHOUT A FACTUAL BASIS IN THE RECORD.

IV. WHETHER THE DEFENDANT SHOULD BE GIVEN THE OPPORTUNITY TO GO TO TRIAL AND RETRACT HIS GUILTY PLEA. DEFENDANT'S CLAIM OF MANIFEST INJUSTICE.

II.

We review a judge's denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). "Post-conviction relief is neither a substitute for direct appeal, R. 3:22-3, nor an opportunity to relitigate cases already decided on the merits, R. 3:22-5." State v. Preciose, 129 N.J. 451, 459 (1992). A defendant raises a cognizable PCR claim if it is based upon a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution

5

or laws of the State of New Jersey." R. 3:22-2(a). Because all criminal defendants have the constitutional right to the assistance of counsel in their defense, defendants may bring a PCR claim for ineffective assistance of counsel. U.S. Const. amend. VI; N.J. Const. art. 1, ¶ 10.

To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was deficient" and (2) counsel's "errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test). Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). Under the second prong, a "reasonable probability [must exist] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 583 (quoting Strickland, 466 U.S. at 694).

In his three-page letter brief, defendant reiterates the same arguments asserted in his first petition for PCR: that he received ineffective assistance of counsel, and he was taking medication used to treat schizophrenia, psychotic disorders and bipolar disorders, and an antihistamine. Defendant also claimed he suffered from poor mental health at the time of his plea allocution hearing,

thus impairing his ability to make a knowing, voluntary plea. In addition, he argued his attorney coerced him to plead guilty and refused to file a motion to dismiss the indictment.

As we noted within the context of a defendant's claim that trial counsel failed to investigate his case, "a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance . . . [and] assert the facts that an investigation would have revealed[.]" State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

The PCR court has discretion to determine whether a hearing is necessary to aid in its analysis. State v. Marshall, 148 N.J. 89, 157-58 (1997). If the court decides a defendant's allegations "are too vague, conclusory, or speculative to warrant an evidentiary hearing . . . then an evidentiary hearing need not be granted." Id. at 158 (citing Preciose, 129 N.J. at 462-64). This is because there is a strong presumption trial counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, a defendant must demonstrate "how specific errors of counsel

undermined the reliability" of the proceeding.  United States v. Cronic, 466 U.S. 648, 659 n. 26 (1984).

Here, the PCR court properly denied defendant's second petition because it was untimely filed under Rule 3:22-4(b).  A second or subsequent petition for post-conviction relief shall be dismissed unless:

> (1) it is timely under R[ule] 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
>> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>>
>> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>>
>> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

8

Thus, to be timely, the second PCR must satisfy Rule 3:22-12(a)(2) and it must satisfy Rule 3:22-4(b)(2)(A), (B), or (C). Defendant's second PCR petition fails on both prongs.

Under Rule 3:22-12(a)(2), "no second or subsequent petition shall be filed more than one year after the latest of" one of three dates. The first addresses the date of a newly recognized constitutional right. See R. 3:22-12(a)(2)(A) (providing "the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review"). This is not involved here.

The second is "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence . . . ." R. 3:22-12(a)(2)(B). This second date is not satisfied here because defendant's claim is against his trial counsel and is repetitive of the arguments made in the first PCR petition and addressed on the appeal addressing denial of his first PCR.

The third is "the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant

on the first or subsequent application for [PCR] is being alleged." R. 3:22-12(a)(2)(C). In this case, defendant's first PCR petition was denied on October 25, 2016, and his second PCR petition was filed on June 3, 2019. This subsection was also not met. Therefore, defendant's second PCR petition is untimely because it does not satisfy Rule 3:22-12(a)(2)(A), (B), or (C) and by not satisfying this, it is barred and must be dismissed under Rule 3:22-4(b).

There is no provision under Rule 3:22-4(b) to modify the time frames for "excusable neglect." See Jackson, 454 N.J. Super. at 293-94 (providing the time bar under Rule 3:22-12(a)(2) cannot be "excused in the same manner as the late filing of a first PCR petition"). A court cannot review the merits of an untimely second PCR petition that does not satisfy the Rules. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). Additionally, the time frames under Rule 3:22-12(a) cannot be relaxed pursuant to Rule 3:22-12(b). There also is no ability to relax the timeframes under Rule 1:1-2(a). See R. 1:3-4(c) (providing that neither the parties nor the court may enlarge the time specified by Rule 3:22-12).

Under Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the

conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

We conclude that defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). The PCR petition was untimely filed, and, as the PCR court determined, defendant failed to demonstrate "good cause for the scheduling of a court hearing." See also State v. Marshall, 148 N.J. 89, 157-58 (1997) (recognizing the PCR court has discretion to determine whether a hearing is necessary to aid in its analysis). Accordingly, the PCR court was correct to deny defendant's second PCR petition as time-barred, without a hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5148-18